## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4704 | **DATE** | August 26, 2008 |
| **CASE TITLE** | Andrew Gross III (#28240-039) v. TransUnion Corp., et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is denied and the complaint is summarily dismissed with prejudice on the basis of Plaintiff's failure to advise the Court that he had "struck out" pursuant to 28 U.S.C. § 1915(g). The case is terminated. Having brought this action, Plaintiff nevertheless remains obligated to pay the full filing fee. Before pursuing any future litigation, Plaintiff must pay any outstanding fees.

■ [For further details see text below.]      **Docketing to mail notices.**

### STATEMENT

Plaintiff, a federal prisoner, has brought this *pro se* civil action presumably pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Plaintiff has chosen to "opt out" of the class settlement agreement reached in *In Re Trans Union Corp., et al. v. Trans Union LLC, et al.*, Case No. 00 C 4729 (N.D. Ill.), and pursue his own, independent lawsuit. Plaintiff seeks leave to proceed *in forma pauperis*; however, the motion must be denied because the plaintiff has accumulated at least three "strikes." See 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of Plaintiff's previous actions, all of which were filed while he was incarcerated or detained, have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. See *e.g., Gross v. Bureau of Prisons*, Case No. 04 C 0220 (S. D. Ind. Jan. 26, 2005),(dismissed on preliminary review pursuant to 28 U.S.C. § 1915A) (Tinder, J.); *Gross v. Keeler*, Case No. 02 C 74850 (E.D. Mich. Jan. 7, 2003) (dismissed as frivolous and failing to state a claim)

**(CONTINUED)**

mjm

**STATEMENT (continued)**

(Friedman, J.); and *Gross v. Gonzales*, Case No. 06 C 12820 (E.D. Mich. Aug. 10, 2006) (summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A) (Duggan, J.).

In fact, a judge of this court specifically advised the plaintiff just months ago that he had "struck out." See *Gross v. Mukasey*, Case No. 08 C 0460 (N.D. Ill. Apr. 21, 2008) (Coar, J.). Notwithstanding his knowledge that he is barred from doing so, Plaintiff nevertheless has sought leave to proceed *in forma pauperis*, and without disclosing his Section 1915(g) status to the Court. Under controlling Seventh Circuit precedent, Plaintiff's effective "fraud" on the court must "lead to immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). Accordingly, the complaint is dismissed with prejudice. (The court notes that this case does not involve imminent danger of serious physical injury, the sole exception to 28 U.S.C. § 1915(g).)

Having brought this action, however, Plaintiff remains obligated to pay the full filing fee. See 28 U.S.C. §1915(b)(1); *Sloan*, 181 F.3d at 859. Before pursuing any future litigation, Plaintiff must pay any outstanding fees. *Id.*